UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16bk36934 |
| | ) | |
| DIRECT MEDIA POWER, INC. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF
ORDER DETERMINING AMOUNT OF COMPENSATORY DAMAGES
AWARDED TO RADIO ONE, INC. [DKT. NOS. 203, 206]**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 221,102.50 | TOTAL COSTS REQUESTED: | $ 35,050.62 |
| TOTAL FEES REDUCED: | $ 88,470.00 | TOTAL COSTS REDUCED: | $ 28,144.12 |
| TOTAL FEES ALLOWED: | $ 132,632.50 | TOTAL COSTS ALLOWED: | $ 6,906.50 |

**TOTAL AMOUNT OF AWARD OF DAMAGES: $ 139,539.00**

Before the court is Creditor Radio One, Inc.'s Application for Award of Fees and Costs in Connection with This Court's Finding Dean Tucci and Debtor in Contempt of Court [Dkt. No. 206] (the "Application") submitted by Radio One, Inc. ("Radio One"). The Application asks the court to quantify the contempt damages previously awarded by the court. *See* Order [Dkt. No. 203] (the "Contempt Order"); *see also* Memorandum Decision [Dkt. No. 202] (the "Contempt Opinion"). Specifically, the Application seeks attorneys' fees and expenses in favor of Radio One and against the debtor Direct Media Power, Inc. ("DMP") and Dean Tucci ("Tucci" and collectively with DMP, the "Respondents") as compensatory damages for the Respondents' contempt.

In the Contempt Order, the court awarded Radio One its reasonable attorneys' fees and expenses incurred on matters directly related to the contempt proceedings and ordered Radio One to submit a qualification of fees and expenses as described in the Contempt Opinion. *See* Contempt Order, at ¶¶ 3-4; Contempt Op., at pp. 14-15. Radio One complied by filing the Application requesting a total amount of fees and expenses of $256,153.12 (consisting of $221,102.50 in fees and $35,050.62 in expenses) pursuant to attached time records. App., Exh. A [Dkt. No. 206-1] (the "Timesheet"). The Respondents filed a response to the Application and argued that Radio One is entitled to only $3,801.56 for attorney's fees and costs. Debtor Direct Media Power, Inc. and Interested Party Dean Tucci's Memorandum in Opposition to Radio One, Inc.'s Application for Award of Fees and Costs [Dkt. No. 214] (the "Response"). Radio One subsequently filed a reply agreeing to a lower total amount of fees and expenses of $242,317.84. Radio One's Reply in Support of its Application for Award of Fees and Costs [Dkt. No. 216] (the "Reply").

**APPLICABLE STANDARDS**

An award of attorneys' fees and expenses under section 105 of the title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), as compensatory damages in a contempt proceeding lies within the court's discretion. *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2015). The court applies the familiar lodestar method to determine the

amount of reasonable attorneys' fees. *See, e.g., Pickett v. Sheridan Health Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (the lodestar method is typically the "centerpiece of attorney's fee calculations"); *In re Harry Viner, Inc.*, 520 B.R. 268, 277-78 (Bankr. W.D. Wisc. 2014). The lodestar method calculates a presumptively reasonable amount of attorneys' fees by multiplying the number of hours reasonable expended by a reasonably hourly rate. *See, e.g., Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012).

## HOURLY RATE CHARGED

The going hourly rate on the open market for an attorney's services will generally be a reasonable hourly rate. *Pickett*, 664 F.3d at 640; *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). The law presumes that an attorney's actual billing rate for the services is an appropriate market rate. *Denius*, 330 F.3d at 930. A party opposing an award of fees may rebut that presumption by demonstrating a "good reason" why a court should award fees at a lower rate than that actually billed and paid. *Pickett*, 664 F.3d at 640.

Radio One's hourly rate is, therefore, presumed reasonable unless shown otherwise. Moreover, Radio One has demonstrated that the hourly rates actually charged by its counsel of the firm Mandell Menkes, LLC ("Mandell") and actually paid by Radio One is a market rate and presumptively reasonable under the circumstances. App., at pp. 1-3; Timesheet, at pp. 1-5; *see also* Reply, at pp. 2-3; Reply, Exh. 1, Declaration of Stephen J. Rosenfeld [Dkt. No. 216-1] (the "Rosenfeld Declaration"). Per the Rosenfeld Declaration, the hourly rates submitted are the actual rates charged by Mandell and are in the ballpark of customary rates charged in similar circumstances in the market. Rosenfeld Decl., at ¶¶ 5-8. The actual rates charged by counsel for similar work are some of, if not the, best evidence for determining the appropriate market rate. *See, e.g., Johnson*, 668 F.3d at 933. The Respondents propose, without any backup or reasoning besides a statement that Mandell's rates "appear[] excessive" for the type of work involved, lowering the partner rate by approximately 33.34%, the associate rate by 30%, and the paralegal rate by 60%. This does not carry the Respondents' burden in rebutting the presumption. Respondents have shown no reason, other than their subjective viewpoint, to reduce Mandell's rate. That reason is not a "good reason" as required by the Seventh Circuit. *Pickett*, 664 F.3d at 640 The court therefore finds that the hourly rates charged are reasonable.

## TIME EXPENDED AND EXPENSES INCURRED

Before multiplying the number of hours by the hourly rates, the court must determine the extent of the hours reasonably expended in direct connection with the contempt proceedings. Time descriptions that are lumped or without sufficient descriptions may be excluded from an award of fees, and the time spent must be directly related to the contempt proceeding and otherwise not excessive or duplicative. *See, e.g., Johnson*, 668 F.3d at 931; *Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004); *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000); *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) (Schmetterer, J.). Above all, the time expended and expenses incurred must be reasonable under the circumstances.

The attached time and expense entries on the Timesheet have been underlined and numbered to reflect exclusion, in whole or in part, from the court's award of fees and expenses to Radio One. In total, the court has reduced the time expended by 215.8 hours (which yields a

reduction of $88,470.00 in fees when multiplied by the corresponding hourly rates) and the expenses incurred by $28,144.12. The basis for each exclusion of hours or expenses, in whole or in part, is reflected by the numerical notations that appear on the left of each underlined entry, which notations correspond to the enumerated paragraphs below.

(1)     **Fees Unrelated to Contempt – TOTAL of excluded amounts: $ 13,940.00**

Pursuant to the Contempt Order, the compensatory damages awarded include only Radio One's "attorneys' fees and expenses on matters directly related to the actions in question." Contempt Order, at ¶ 3. As explained in the Contempt Opinion, "it is facially obvious that Tucci's and DMP's actions caused Radio One to incur significant attorneys' fees, both in responding to DMP's requests to the court, investigation Tucci and DMP, and in bringing its own requests for affirmative relief." Contempt Op., at p. 14. However, the court also cautioned that it "will not award attorneys' fees to a moving party *carte blanche*. Not every fee or expense relates to Tucci's and DMP's contempt, and over assertion of fees and expenses will result in reduction, not increase." *Id.*, at pp. 14-15.

In the Reply, Radio One agreed to a $13,815.00 reduction of the requested fees. Reply, at p. 1 & n. 1. Specifically, the Reply states that the Application inadvertently included time spent on discovery in a separate proceeding at the line items on page 4 of the Timesheet for the following dates: September 25, 2017; September 29, 2017; October 2, 2017; October 17, 2017; October 23, 2017; October 24, 2017; October 25, 2017; and October 26, 2017. *Compare* Reply, at p. 6 *with* Declaration of John H. Ray, III, Exh. A [Dkt. No. 215-1] (the "Coded Timesheet"), at pp. 3-4; Timesheet, at p. 4.

The court agrees that the above time entries relate to discovery in a separate proceeding and, therefore, are not directly related to the contempt proceedings and not compensable. In addition, the line items on page 4 of the Timesheet dated September 14, 2017, for $125.00, and October 5, 2017, for $90.00, are not compensable for the same reason. *See* Timesheet, at p. 4; Coded Timesheet, at p. 3. Accordingly, $13,940.00 of the services included in the Timesheet are not directly related to the contempt proceedings. *See* Timesheet, at p. 4; Coded Timesheet, at pp. 3-4; Reply, at p. 6. For that reason, this amount will be excluded in its entirety from the amount of the award.

(2)     **Lumping – TOTAL of excluded amounts (10% of affected entries): $ 10,810.00**

The standard in this District for compensable time entries has been for over thirty years that the applicant must account for its time in minimum increments of tenths of an hour. *Wildman*, 72 B.R. at 708-09, 726. This minimum increment avoids overbilling by prohibiting parties from reflecting *de minimus* time entries in larger increments.

To prevent circumvention of this minimum increment, the court prohibits parties from "lumping" tasks together into single time entries. *Id.* at 709, 715-16, 720; *In re Rockford Prods. Corp.*, Case No. 07bk71768, 2009 WL 2707236, at *6 (Bankr. N.D. Ill. Aug. 24, 2009) (Barbosa, J.). "Each type of service must be listed with the corresponding specific time allotment." *Rockford Prods*, 2009 WL 2707236, at *6. Lumped tasks are customarily penalized by a ten percent penalty (rounded up to one-tenth of an hour). *Poynor v. Cmty. Unit Sch. Dist. #300*, Case No. 99cv1290, 1999 WL 1101566, at *1 (N.D. Ill. Nov. 30, 1999) (ten percent reduction for lumping); *Rockford Prods.*, 2009

WL 2707236, at *7 (same); *see Wildman*, 72 B.R. at 715-16 (varying reductions of at least ten percent depending on particular time entries); *accord Pavarini McGovern, LLC v. Waterscape Resort LLC (In re Waterscape Resort LLC)*, Case No. 11-02248, 2015 WL 289812, at *14 (Bankr. S.D.N.Y. Jan. 21, 2015) (ten percent reduction for lumping); *In re Bean*, Case No. 04-34850, 2007 WL 81795, at *10 (Bankr. E.D. Tenn. Jan. 8, 2007) (same); *In re Auto. Warranty Corp.*, 138 B.R. 72, 77 (Bankr. D. Colo. 1991) (same).

The Timesheet as submitted is replete with lumping. Where individual tasks are listed, they are not afforded specific time allotments for each such task. As such, ten percent by amount of the offending entries are presumptively unreasonable and the Application will be reduced accordingly.

### (3)  Insufficient Description of Services – TOTAL of excluded amounts: $ 49,945.00

The court routinely disallows compensation where tasks fail to identify in a reasonable manner the services rendered. *See, e.g., Pettibone*, 74 B.R. at 301; *Wildman*, 72 B.R. at 708-09; *Rockford Prods.*, 2009 WL 2707236, at *5-6.

Much of the Timesheet was too generalized or vague in its descriptions for the substantive content or nature of the services performed to be reasonably identifiable, especially in relation to the overall amounts of time billed. Examples include large blocks of time spent "review[ing]" a production of documents or "prepar[ing]" for a hearing, deposition or meeting, without any further information regarding, for example, the volume or contents of the production, the purpose of a document review, the type(s) of work undertaken as preparation, the relative time spent on various aspects of the preparation work, or any other information that might enable to court to conclude the time spent was reasonable.

Such general or vague time descriptions are presumptively unreasonable; the court has therefore reduced the Application by the entirety of the amounts so identified.

### (4)  Unreasonable Time – TOTAL of excluded amounts: $ 13,775.00

The court also routinely excludes tasks where a professional or paraprofessional expended an unreasonable amount of time on such tasks in light of the nature of the tasks, the experience and knowledge of the professional performing the tasks, and the amount of time expended by the professional or another on the tasks in other instances on the Timesheet. *See, e.g., Pettibone*, 74 B.R. at 306 ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project . . . . An attorney should not be rewarded for inefficiency.").

Where, for example, the timekeeper billed for over an hour to analyze a one-page scheduling order, that time spent was presumptively unreasonable. The court has excluded from the Application such amounts in their entirety.

### (5)  Expenses Unrelated to Contempt – TOTAL of excluded amounts: $ 654.71

As discussed under heading number one above, the court previously limited the damages award to only those "attorneys' fees and expenses on matters directly related to the actions in question." Contempt Order, at ¶ 3; *see also* Contempt Op., at pp. 14-15.

Radio One in the Reply agrees to a reduction of the requested expenses by $20.28. Reply, at p. 1 & n. 1. That expense related to the same matters as the time entries discussed under heading number one above—discovery in a separate proceeding. *Compare* Reply, at p. 8 *with* Coded Timesheet, at p. 4; Timesheet, at p. 5.

The court will exclude the $20.28 that Radio One agrees is unrelated to the contempt proceedings. In addition, the court will exclude the line item on page 5 of the Timesheet dated October 26, 2017, for $634.43. The expense dated October 26, 2017 relates to the same subject matter—the October 26, 2017 Tucci deposition—as the attorney time that Radio One agrees is unrelated to the contempt proceedings. *Compare* Timesheet, at p. 5; Coded Timesheet, at p. 4 *with* Timesheet, at p. 4; Coded Timesheet, at pp. 3-4. The October 26, 2017 line item is, therefore, not compensable and will be excluded from the damages award.

(6) **Insufficient Description of Expenses – TOTAL of excluded amounts: $ 26,458.75**

The court will also exclude from the amount of the award the $26,458.75 in fees charged by Radio One's expert as these entries and Radio One's submissions lack the necessary detail to evaluate reasonableness of the cost of the expert. The Response and the Reply dispute whether the amount of expert fees is reasonable compared to the nature and value of the expert services provided. *See* Resp., at pp. 11-12; Reply, at p. 8. In particular, Radio One alleges that "[w]ithout th[e expert's] report, Radio One did not have admissible evidence of the improper transfers being made out of the bankruptcy estate." Reply, at p. 8.

The expert was a forensic financial analyst who prepared a report with fourteen pages of substantive product detailing certain transfers made between or among DMP, Tucci and the various affiliated entities during the period from November 21, 2016 to March 13, 2017, including transfers made after the entry of the February 6, 2017—Interim Order Authorizing Use of Cash Collateral [Dkt No. 85] and the February 13, 2017—Interim Order Authorizing Use of Cash Collateral [Dkt. No. 90]. *See* Contempt Op., at p. 7; Creditor Radio One, Inc.'s Amended Motion for Civil Contempt, Exh. 1 to Rosenfeld Declaration [Dkt. No. 179-7] (the "Report"); *see also* App., at p. 3; Reply, at p. 8.

As support for including the expert fees in the damages award, Radio One has offered only the Timesheet, which contains three entries relating to the expert—the first, for $14,901.25, is dated April 30, 2017 and other two, for $10,251.25 and $1,306.25, are dated May 31, 2017. Timesheet, at p. 5. The description for each entry reads: "[p]rofessional fee[s] for Stout Risius Ross, Inc. for services rendered in [month, year]." *Id.* Each entry also contains a specific invoice number, though Radio One has not submitted any such invoices.

Without more detailed information about the basis for the expert fees, for example, the rate(s) charged and time spent on specific tasks, the court is unable to determine whether the $26,458.75 is a reasonable expense that can be included in the damages award. The value of the expert's ultimate product is only one part of the equation for discerning the reasonableness of charges for professional services rendered; the cost of an invaluable or exemplary product from an expert witness may, nevertheless, be unreasonable, as with any other professional. Additionally, the court notes that the Report is dated April 4, 2017, and that $10,251.25 of the fees relate to services rendered in April 2017 and $1,306.25 to services rendered in May 2017. *See* Timesheet, at p. 5.

There is not enough information available to confirm what other professional services, if any, the expert provided after producing the Report and whether such services directly related to the contempt proceedings.

Accordingly, the $26,458.75 of expert fees will not be included in the amount of the damages award.

(7)   **Unreasonable Expenses – TOTAL of excluded amounts: $ 1,030.66**

Finally, the expenses related to Radio One's demonstrative exhibits will also be excluded from the damages award. The Respondents argue that the expenses incurred to professionally print and deliver large demonstrative exhibits were unnecessary or unreasonable. Resp., at p. 12. Radio One's position is that the demonstrative exhibits, a common tool at trials, were part of ordinary course preparations for evidentiary hearings. Reply, at p. 8. It was not necessary for Radio One to spend $1,030.66 on large, professionally prepared demonstrative exhibits. Radio One attempted to present these demonstrative exhibits at the initial hearing on its emergency motion, but the court declined to hold an evidentiary hearing on an emergency basis. Thereafter, Radio One did not present or use the demonstrative exhibits in any meaningful way in any other hearing. *See* Contempt Op., at pp. 8-9. Accordingly, the expenses related to the demonstrative exhibits will not be included in the amount of the damages award.

## CONCLUSION

In sum, in accordance with the Contempt Order and Contempt Opinion, the court has determined that Radio One is entitled to $132,632.50 in attorneys' fees and $6,906.50 of actual expenses. Accordingly, the amount of the award of compensatory damages awarded to Radio One and against the Respondents will be $139,539.00.

Dated: September 28, 2018

Timothy A. Barnes
United States Bankruptcy Judge

Mandell Menkes LLC
Suite 3600
One North Franklin
Chicago, IL 60606

Invoices submitted to:
Radio One
1915 Glenwood Oaks Lane
DeLand, FL 32720

In Reference To:    Radio One, Inc. v. Direct Media Power, Inc.
Our File No.: 12451

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT | |
|---|---|---|---|---|---|
| 1/18/17 | SJR | Analysis of new financial documents from DMP. | 2.1 | 945.00 | |
| 1/19/17 | DNT | Review and analyze bank statements produced by debtor. | 0.5 | 125.00 | |
| 1/19/17 | SJR | Further analysis of DMP's interlocking financial affairs. | 3.8 | 1,710.00 | |
| 1/23/17 | SJR | Telephone conference with Mr. Pilati; further analysis of DMP's financial records. | 2.7 | 1,215.00 | 2 |
| 1/24/17 | SJR | Telephone conferences with Mr. Wolf concerning missing financial records; further analysis of same and discussions with Mr. Pilati. | 2.9 | 1,305.00 | 2 |
| 1/25/17 | DNT | Review the bank account information provided by DMPI; draft 2004 examination notice and confirm local rules for service. | 1 | 250.00 | |
| 1/25/17 | SJR | Review bank statements and financial documents from DMP; ; prepare for 2004 examination | 4.7 | 2,115.00 | 2 |
| 1/26/17 | SJR | Prepare for meeting with Mr. and Mr. ; further analysis of financial documents; telephone conferences with Mr. Deese and Mr. Wolf regarding missing information; review additional information produced; | 4.9 | 2,205.00 | 2 |
| 1/27/17 | DNT | Participate in meeting with former employees of DMPI to discuss business model and finances. | 5.6 | 1,400.00 | |
| 1/27/17 | SJR | Prepare for and interview Mr. and Mr. concerning DMP and Tucci. | 8.9 | 4,005.00 | |
| 1/30/17 | NG | Assemble exhibits for Rule 2004 deposition; organize and coordinate copying of exhibit for attorneys. | 4.5 | 562.50 | |
| 1/30/17 | DNT | Prepare for 2004 examination of Dean Tucci on behalf of DMPI. | 6.9 | 1,725.00 | 3 |
| 1/30/17 | SJR | Prepare for 2004 examination of Mr. Tucci. | 7.8 | 3,510.00 | 3 |
| 1/31/17 | DNT | Continue to prepare for 2004 examination; participate in 2004 examination of Dean Tucci on behalf of DMPI. | 4.3 | 1,075.00 | 2 |
| 1/31/17 | SJR | Prepare for and take 2004 examination of Mr. Deese. | 6.9 | 3,105.00 | 2 |
| 2/1/17 | DNT | Appear in Court on Cash Collateral; draft Order with stipulations regarding debtor's use of cash collateral. | 1.7 | 425.00 | |
| 2/1/17 | SJR | Prepare for and attend hearing on cash collateral; further analysis of documentation following hearing; review and revise interim cash collateral order. | 3.2 | 1,440.00 | 2 |
| 2/2/17 | SJR | Review and analyze DMP's requested vendor payments; telephone conference with opposing counsel to finalize the interim cash collateral order; telephone conference with Mr. Pilati regarding matter and UCC's; analyze UCC documents from Mr. Pilati. | 3.7 | 1,665.00 | 2 |
| 2/6/17 | DNT | Review payroll documents. | 5.5 | 1,375.00 | 3 |
| 2/6/17 | SJR | Review and analyze DMP's broadcast orders; approve vendor payments; analyze and approve payroll. | 1.6 | 720.00 | |
| 2/7/17 | SJR | Prepare for and meet with Mr. Wolf regarding cash collateral issues, forensic accounting issues and potential resolution; review and analyze new vendor payment requests. | 3.2 | 1,440.00 | 2 |
| 2/8/17 | SJR | Prepare for and attend status hearing and hearing on cash collateral; e-mails to/from Mr. Deese concerning vendor payments; prepare draft order. | 3.6 | 1,620.00 | 2 |
| 2/9/17 | SJR | Telephone conferences with Mr. Deese and Mr. Wolf regarding order; further analysis of financial documents received from DMP. | 2.6 | 1,170.00 | 2 |
| 2/10/17 | SJR | Finalize draft interim cash collateral order; further analysis of financial documents from DMP; telephone conferences with opposing counsel regarding current vendor payments. | 2.8 | 1,260.00 | 2 |
| 2/13/17 | SJR | Review and approve vendor payments; e-mails to and telephone conferences with opposing counsel regarding same. | 0.8 | 360.00 | |
| 2/14/17 | SJR | E-mails to/from opposing counsel regarding deficiencies in financial reports and issues that need further explanation; telephone conference with opposing counsel regarding same. | 2.6 | 1,170.00 | 4 |
| 2/15/17 | SJR | E-mails to/from and telephone conferences with opposing counsel regarding continued financial reporting deficiencies and issues. | 1.7 | 765.00 | |
| 2/16/17 | SJR | Telephone conferences with opposing counsel regarding deficiencies in financial reports and issues that need further explanation. | 1.2 | 540.00 | |
| 2/17/17 | SJR | Analysis of flow of funds within affiliated organizations. | 2.9 | 1,305.00 | |

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT | |
|---|---|---|---|---|---|
| 2/21/17 | SJR | Prepare for hearing on cash collateral; further analysis of flow of funds between affiliated organizations. | 3.4 | 1,530.00 | 2 |
| 2/22/17 | SJR | Prepare for and attend hearing on cash collateral. | 2.7 | 1,215.00 | |
| 2/23/17 | SJR | Telephone conferences with opposing counsel regarding deficiencies in financial reports and issues that need further explanation. | 1.1 | 495.00 | |
| 2/24/17 | DNT | Analyze whether there is a basis for objecting to dischargeability. | 0.7 | 175.00 | |
| 2/24/17 | SJR | Analysis vendor payments for approval. | 0.8 | 360.00 | |
| 2/28/17 | SJR | Telephone conference with Mr. Pilati regarding strategy. | 0.4 | 180.00 | |
| 3/3/17 | DNT | Phone calls with Jeff Lerner discussing knowledge he has regarding DMP; conference with Mr. Rosenfeld regarding same. | 1.1 | 275.00 | |
| 3/3/17 | SJR | Telephone conference with Mr. Lerner regarding his knowledge of Tucci schemes; e-mails to/from and telephone conference with Mr. Wolf and Mr. Deese regarding same; e-mail to client regarding same. | 2.6 | 1,170.00 | 2 |
| 3/5/17 | SJR | In-depth interview of Mr. Lerner; prepare emergency motion for contempt. | 3.2 | 1,440.00 | 2 |
| 3/6/17 | DNT | Research grounds to move for dismissal and contempt against DMP; draft motion to dismiss and for contempt; draft application for emergency motion. | 5.7 | 1,425.00 | 2 |
| 3/6/17 | SJR | Continued preparation of motion to dismiss and for contempt; analysis of financial records and transfers in connection with same. | 7.9 | 3,555.00 | 2 |
| 3/7/17 | DNT | Continue drafting motion to dismiss and for contempt and prepare for filing. | 6 | 1,500.00 | |
| 3/7/17 | SJR | Continued preparation of memorandum in support of and motion to dismiss and for contempt; analysis of financial records and transfers in connection with same; review and analyze transcripts of 341 and 2004 examinations for same. | 14.6 | 6,570.00 | 4 |
| 3/8/17 | DNT | Prepare for evidentiary hearing on the motion to dismiss and for contempt. | 12.6 | 3,150.00 | 3 |
| 3/8/17 | SJR | Prepare for emergency hearing and direct examination of Mr. Lerner. | 16.8 | 7,560.00 | 3 |
| 3/9/17 | DNT | Prepare Jeff Lerner for his direct and cross examination; prepare exhibits for evidentiary hearing; attend and participate in the hearing; draft interim order. | 6.1 | 1,525.00 | 2 |
| 3/9/17 | SJR | Prepare Mr. Lerner for potential testimony at hearing; prepare for and attend emergency hearing on motion for contempt and to dismiss; prepare interim order; meeting with opposing counsel regarding same; telephone conference with client concerning status. | 10.9 | 4,905.00 | 2 |
| 3/10/17 | SJR | E-mails to/from debtor's counsel concerning requests for payment of expenses; telephone conference with potential expert witness; telephone conferences with Mr. Lerner and Mr. Wolf regarding Mr. Tucci's recent threat of litigation against Mr. Lerner; telephone conference with Mr. Deese regarding necessary documentation and checks. | 2.7 | 1,215.00 | 2 |
| 3/13/17 | SJR | Preparation of financial information for expert; further revisions to analysis of same. | 1.4 | 630.00 | |
| 3/14/17 | DNT | Prepare notice of hearing; draft motion for extension of time. | 1.1 | 275.00 | |
| 3/14/17 | SJR | Prepare strategy for upcoming trial; telephone conferences with potential experts; telephone conference with Mr. Wolf regarding preference and exclusivity matter; review and revise motion for extension of time. | 2.9 | 1,305.00 | 2 |
| 3/15/17 | DNT | Meet with expert to discuss engagement; discuss with Mr. Rosenfeld deposition schedule; e-mail communications with opposing counsel regarding agreed motion to extend. | 1.2 | 300.00 | |
| 3/15/17 | SJR | Meet with expert to discuss engagement; work on discovery schedule with opposing counsel; prepare documents for expert review; further analysis of financials. | 2.8 | 1,260.00 | 2 |
| 3/17/17 | SJR | Telephone conference with Mr. Pilati regarding strategy and coordination of efforts; prepare post-filing transfer spreadsheet for production to debtor's counsel; multiple telephone conferences with debtor's counsel regarding missing and necessary documents. | 2.8 | 1,260.00 | 2 |
| 3/19/17 | DNT | Review and revise motion to compel. | 0.4 | 100.00 | |
| 3/19/17 | SJR | Prepare and file motion to compel documents. | 2.7 | 1,215.00 | |
| 3/20/17 | DNT | Review draft order to file with the Court. | 0.2 | 50.00 | |
| 3/20/17 | SJR | Prepare for hearing; further preparation of new financial records for expert; review and analyze new bank statements from debtor; approve new expenses. | 2.8 | 1,260.00 | 2 |
| 3/21/17 | SJR | Prepare for and attend bankruptcy court hearing. | 1.3 | 585.00 | |
| 3/22/17 | SJR | Review checks produced from debtor's accounts; forward same to Mr. Wright. | 1.3 | 585.00 | 3 |
| 3/23/17 | DNT | Review DMP's payroll for first week of March. | 0.2 | 50.00 | |
| 3/23/17 | SJR | Telephone conference with Mr. Wright regarding matter; analysis of Mr. Wright's initial findings; review newly produced bank statements; approve use of cash collateral for payment of expenses. | 1.8 | 810.00 | |
| 3/27/17 | DNT | Review operating reports; review response to motion to dismiss; phone call with A. Pilati regarding production of February bank statements. | 0.5 | 125.00 | |
| 4/3/17 | SJR | Meeting with Mr. Wolf regarding settlement and discovery issues; e-mails to/from Mr. Wright concerning his analysis; | 2.6 | 1,170.00 | 2 |

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT | |
|---|---|---|---|---|---|
| 4/4/17 | SJR | Telephone conference with Mr. Wright concerning expert opinion and scheduling issues; prepare agreed motion; telephone conference with Mr. Wolf regarding same; finalize expert report and transmit same to Mr. Wolf. | 2.3 | 1,035.00 | 2 |
| 4/5/17 | SJR | Prepare for and attend hearing on various motions and status; e-mails to/from Mr. Lerner regarding scheduling; prepare agreed order; telephone conference with client regarding status; | 1.9 | 855.00 | |
| 4/7/17 | SJR | Review new financial records produced by DMP. | 2.8 | 1,260.00 | 3 |
| 4/10/17 | SJR | Review new financial records produced by DMP. | 5.6 | 2,520.00 | 3 |
| 4/12/17 | SJR | Further review of new financial records; approve payments to certain vendors. | 4.4 | 1,980.00 | 2 |
| 4/13/17 | SJR | Further review of new financial records and discussion with Mr. Wolf and Mr. Wright regarding same. | 2.6 | 1,170.00 | 2 |
| 4/18/17 | SJR | Prepare for meeting with Mr. Tucci; perform forensic analysis of new information; analyze new tax claim. | 5.7 | 2,565.00 | 2 |
| 4/19/17 | DNT | Draft joint pretrial statement. | 1.4 | 350.00 | |
| 4/19/17 | SJR | Prepare for meeting with Mr. Tucci; further forensic analysis of new information. | 6.9 | 3,105.00 | 2 |
| 4/20/17 | DNT | Attend and participate in meeting with Dean Tucci and his counsel; draft revisions to the pretrial statement to be filed with the Court. | 3.3 | 825.00 | 2 |
| 4/20/17 | SJR | Prepare for and meet with Mr. Tucci and his counsel regarding financials and settlement; review and revise pretrial order. | 9.3 | 4,185.00 | 2 |
| 4/21/17 | SJR | Finalize joint pretrial statement; prepare for upcoming hearing and depositions. | 5.4 | 2,430.00 | 3 |
| 4/24/17 | SJR | Prepare for upcoming depositions and trial; telephone conference with Mr. Wright regarding same; telephone conference with Mr. Wolf regarding settlement and scheduling. | 6.6 | 2,970.00 | 3 |
| 4/24/17 | DNT | Review revise notice of the continuation of Debtor's 2004 examination and confirm service on counsel of record and creditors listed on the matrix; discuss with Mr. Rosenfeld legal issues to research for hearing on motion to dismiss. | 0.4 | 100.00 | |
| 4/24/17 | DNT | Research regarding the Court's jurisdiction over Dean Tucci for contempt claim; discuss with Mr. Rosenfeld strategy for taking Tucci's deposition and the evidentiary hearing; draft questions for the continued 2004 Examination. | 4.3 | 1,075.00 | 2 |
| 4/25/17 | SJR | Prepare for upcoming depositions and trial; review new documents from DMP. | 7.6 | 3,420.00 | 3 |
| 4/26/17 | SJR | Prepare for upcoming depositions and trial. | 7.7 | 3,465.00 | 3 |
| 4/26/17 | DNT | Prepare questions for the continuation of the 2004 examination of Dean Tucci. | 5.7 | 1,425.00 | 2 |
| 4/27/17 | SJR | Prepare for and take deposition of Mr. Tucci; prepare Mr. Wright for his deposition; meeting with Mr. Tucci and Mr. Wolf concerning settlement; prepare for trial. | 10.4 | 4,680.00 | 2 |
| 4/28/17 | SJR | Meet with Mr. Wright to prepare him for deposition; defend Mr. Wright's deposition; telephone conferences and e-mails to/from Mr. Wolf concerning settlement; prepare for trial | 7.9 | 3,555.00 | 2 |
| 4/28/17 | DNT | Review the rough transcript of the continuation of Tucci's examination. | 0.7 | 175.00 | |
| 4/30/17 | SJR | Prepare for trial. | 2.9 | 1,305.00 | |
| 5/1/17 | DNT | Draft examination of Tucci; e-mail communications with Jeff Lerner regarding trial; prepare exhibits for trial. | 4.9 | 1,225.00 | 2 |
| 5/1/17 | SJR | Prepare for hearing on motion for contempt; prepare demonstratives; prepare examinations. | 10.8 | 4,860.00 | 3 |
| 5/2/17 | DNT | Continue drafting examination of Tucci; draft examination of Jason Wright; draft examination of Jeff Lerner; analyze the depositions of Tucci for impeachment; finalize exhibits for trial. | 9.1 | 2,275.00 | 2 |
| 5/2/17 | SJR | Prepare for hearing on motion for contempt; prepare examinations; telephone conference with client regarding same; review and analyze motion to convert case to a Chapter 7. | 12.9 | 5,805.00 | 2 |
| 5/3/17 | DNT | Finish preparing examinations and exhibits for trial; assist with prepping Jeff Lerner for direct and cross examination; participate in Court's hearing on motion to convert and motion for contempt; draft summary of the events that took place at the hearing. | 7.9 | 1,975.00 | 2 |
| 5/3/17 | SJR | Prepare for and attend hearing on motion for contempt. | 9.9 | 4,455.00 | 3 |
| 5/4/17 | DNT | Research filing adversary complaints against third parties; attend meeting with Chapter 7 Trustee. | 1.3 | 325.00 | |
| 5/4/17 | SJR | Prepare for and meet with representatives from the U.S. Trustee's office and justice department concerning Tucci and the DMP matter. | 4.2 | 1,890.00 | 2 |
| 5/26/17 | SJR | Telephone conference with Mr. Brown concerning status and steps to move forward | 0.6 | 270.00 | |
| 6/5/17 | SJR | Prepare for 341 meeting. | 2.8 | 1,260.00 | 3 |
| 6/6/17 | SJR | Prepare for and attend new 341 meeting; meet with Chapter 7 trustee following meeting to discuss next steps and strategy. | 8.3 | 3,735.00 | 2 |

Case 16-36934   Doc 206-1   Filed 04/12/18   Entered 04/12/18 23:50:15   Desc Exhibit
A   Page 4 of 5

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT | |
|---|---|---|---|---|---|
| 6/9/17 | SJR | Telephone conference with Trustee; review and analyze new opinion on pertinent issues that Trustee forwarded; further telephone conferences with Trustee concerning strategy in light of new opinion. | 1.9 | 855.00 | |
| 6/20/17 | SJR | Prepare for hearing before Judge Barnes on contempt issues; meeting with Trustee regarding same. | 2.4 | 1,080.00 | 2 |
| 6/21/17 | SJR | Prepare for and attend hearing on multiple outstanding matters; ; research regarding standing issues. | 4.9 | 2,205.00 | 2 |
| 6/27/17 | SJR | Prepare for hearing before Judge Barnes. | 1.4 | 630.00 | |
| 6/28/17 | SJR | Prepare for and attend hearing before Judge Barnes; meeting with Chapter 7 trustee regarding next steps; telephone conference with client regarding status and strategy. | 2.9 | 1,305.00 | 2 |
| 7/12/17 | DNT | Research and draft summary of case law addressing the issue of holding Tucci personally in contempt for amended motion. | 2.5 | 625.00 | |
| 7/13/17 | SJR | Prepare amended motion for contempt | 6.2 | 2,790.00 | 4 |
| 7/13/17 | DNT | Draft amended motion for civil complaint. | 3.1 | 775.00 | |
| 7/14/17 | SJR | Finalize amended motion for contempt. | 2.7 | 1,215.00 | |
| 7/14/17 | DNT | Continue drafting amended motion for contempt | 3.9 | 975.00 | |
| 7/17/17 | SJR | Prepare proposed order and file; e-mail to/from court clerk regarding same. | 0.2 | 90.00 | |
| 7/31/17 | DNT | Analyze court order on the briefing of the motion for contempt. | 1.1 | 275.00 | 4 |
| 8/1/17 | SJR | Prepare for and attend status hearing on contempt motion; telephone conference with Ms.        regarding meeting; prepare for meeting with Ms.       ; telephone conference with        regarding same. | 3.7 | 1,665.00 | 2 |
| 8/17/17 | SJR | E-mails to/from potential third-party witnesses. | 0.3 | 135.00 | |
| 8/21/17 | SJR | Prepare for meeting with potential third-party witnesses; prepare documents for same. | 3.7 | 1,665.00 | 3 |
| 8/22/17 | DNT | Appear in court on debtor's counsel's motion to withdraw; review entry of appearance on behalf of debtor; review response to amended motion for contempt. | 1.6 | 400.00 | |
| 8/22/17 | SJR | Prepare for and meet with potential third-party witnesses. | 8.3 | 3,735.00 | 3 |
| 8/29/17 | DNT | Analyze arguments in debtor's/Tucci's response to the amended motion for contempt. | 1.8 | 450.00 | |
| 9/1/17 | DNT | Draft reply brief in support of amended motion for contempt. | 3.6 | 900.00 | |
| 9/5/17 | DNT | Finish drafting reply brief in support of contempt motion. | 1.4 | 350.00 | |
| 9/5/17 | SJR | Telephone conference with Mr.         concerning evidence of misappropriation; review documents from Mr.       . | 1.8 | 810.00 | |
| 9/6/17 | DNT | Review and revise final draft of reply brief. | 0.4 | 100.00 | |
| 9/14/17 | DNT | Review and revise citations to be issued if the bankruptcy is dismissed at the September 20 hearing; telephone conference with Jeff Lerner regarding the hearing. | 0.5 | 125.00 | 1 |
| 9/19/17 | NG | Prepare hearing notebooks for Mr. Rosenfeld and Ms. Twait's use at Bankruptcy Court hearing set for September 20, 2017. | 3 | 375.00 | |
| 9/20/17 | DNT | Attend hearing and participate in argument on the motion for dismissal and motion for contempt. | 2.6 | 650.00 | |
| 9/20/17 | SJR | Prepare for and attend DMP hearing. | 6.6 | 2,970.00 | 4 |
| 9/25/17 | DNT | Review information sent from banks regarding citation. | 0.2 | 50.00 | 1 |
| 9/29/17 | SJR | Review and analyze documents in connection with potential additional citations; prepare second amended motion for contempt. | 3.9 | 1,755.00 | 1 |
| 10/2/17 | DNT | Review information from US Bank regarding citations. | 0.2 | 50.00 | 1 |
| 10/3/17 | SJR | Telephone conference with Mr. Lerner regarding continuing issues and motion for contempt; telephone conferences with Mr.        and Ms.       regarding same; prepare for hearing on citations. | 1.8 | 810.00 | |
| 10/5/17 | SJR | Analyze U.S. Bank's response to citation. | 0.2 | 90.00 | 1 |
| 10/6/17 | DNT | Revise motion for contempt to include additional evidence and case law. | 2.7 | 675.00 | |
| 10/9/17 | DNT | Finish amended motion for contempt. | 2.8 | 700.00 | |
| 10/9/17 | SJR | Review and revise amended motion for contempt. | 7.5 | 3,375.00 | |
| 10/10/17 | DNT | Finalize amended motion for contempt. | 0.8 | 200.00 | |
| 10/10/17 | SJR | Finalize second amended motion for contempt. | 5.9 | 2,655.00 | |
| 10/17/17 | SJR | Analyze DMP's production and meeting with Ms. Twait regarding same. | 1.8 | 810.00 | 1 |
| 10/23/17 | SJR | Review and analyze documents from citations; prepare for deposition of Mr. Tucci. | 6.4 | 2,880.00 | 1 |
| 10/24/17 | SJR | Further preparation for deposition of Mr. Tucci. | 2.1 | 945.00 | 1 |
| 10/25/17 | DNT | Review and analyze documents to be used as exhibits for DMP's and Dean Tucci's citation proceeding. | 4.2 | 1,050.00 | 1 |
| 10/25/17 | SJR | Further review of citation documents and preparation for examination of Mr. Tucci. | 3.9 | 1,755.00 | 1 |
| 10/26/17 | DNT | Attend the deposition of DMP and Dean Tucci; analyze case law on the alter ego determinations. | 5.3 | 1,325.00 | 1 |
| 10/26/17 | SJR | Take deposition of Mr. Tucci. | 6.9 | 3,105.00 | 1 |
| 11/7/17 | DNT | Review DMP's filing in response to the contempt motion before Bankruptcy judge. | 0.2 | 50.00 | |
| 11/8/17 | DNT | Analyze the arguments to prepare a reply brief in support of the motion for contempt. | 1.2 | 300.00 | |

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 11/9/17 | DNT | Analyze response to prepare reply brief; call the banks and follow-up on the document subpoenas. | 1.3 | 325.00 |
| 11/13/17 | DNT | E-mail communications with opposing counsel regarding information required by the court order; analyze case law cited in DMP's response to Radio One's motion for contempt. | 1.8 | 450.00 2 |
| 11/15/17 | DNT | Draft reply brief in support of motion for contempt; phone call with Brian Czahor; phone call with John Ray regarding his request for an extension; phone call with Judge's clerk regarding the denial of DMP's motion for extension of time. | 8.7 | 2,175.00 2 |
| 11/15/17 | SJR | Prepare motion to strike; prepare reply to motion for contempt. | 6.8 | 3,060.00 2 |
| 12/4/17 | SJR | Prepare for DMP hearing in bankruptcy court; telephone conference with Mr. Czahor; e-mails to/from Mr. Czahor. | 2.3 | 1,035.00 2 |
| 12/5/17 | SJR | Prepare for and attend bankruptcy court hearing. | 4.6 | 2,070.00 2 |
| | **TOTAL FEES** | | | $ 221,102.50 |

### EXPENSES

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 3/1/17 | Fee for court reporter for deposition of Dean Tucci on 1/31/2017 (Veritext Inv. #CHI2882498). | 914.17 |
| 3/8/17 | Postage fee for mailing of Radio One's Motion to Dismiss and Motion for Civil Contempt to 75 Creditors on 3/8/17. | 624.65 |
| 3/8/17 | Fee for court reporter for stenographic transcription of U.S. Trustee's oral recording of creditors meeting on 3/8/17 (Veritext #CHI2904374). | 1,235.00 |
| 3/14/17 | Postage fee for mailing of Radio One's Amended Notice of Motion on 3/14/17. | 35.00 |
| 3/31/17 | Pacer On-Line Service - 1/1/2017 to 3/31/2017 | 11.10 |
| 3/31/17 | LexisNexis on-line research for March 2017 | 100.05 |
| 4/14/17 | Messenger delivery charges for demonstrative exhibits to federal court for bankruptcy court hearing on 5/3/17 (Inv. #892963). | 74.59 7 |
| 4/21/17 | Boards for motion hearing (FedEx Office) | 503.09 7 |
| 4/27/17 | Fee for court reporter for videography of deposition of Dean Tucci on 4/27/17 (Veritext Inv. #CHI2957620). | 896.50 |
| 4/27/17 | Fee for court reporter for deposition of Dean Tucci on 4/27/17 (Veritext Inv. #CHI2957400). | 1,290.37 |
| 4/30/17 | Professional fee for Stout Risius Ross, Inc. for services rendered in March 2017 (Inv. #106362). | 14,901.25 6 |
| 5/2/17 | Charge from FedEx Office for demonstratives for bankruptcy court hearing. | 452.98 7 |
| 5/31/17 | Professional fee for Stout Risius Ross, Inc. for services rendered in April 2017 (Inv. #107079). | 10,251.25 6 |
| 5/31/17 | Professional fee for Stout Risius Ross, Inc. for services rendered in May 2017 (Inv. #107760). | 1,306.25 6 |
| 5/31/17 | LexisNexis on-line research for May 2017. | 124.26 |
| 7/17/17 | Postage fee for 90 mailings of Radio One's Amended Motion to Dismiss and for Contempt. | 742.65 |
| 7/31/17 | LexisNexis on-line research for July 2017. | 70.49 |
| 8/31/17 | LexisNexis on-line research for August 2017. | 25.45 |
| 9/20/17 | Photocopying charges for color copies at the UPS store on 9/20/17. | 5.40 |
| 9/21/17 | FedEx package to Wells Fargo Bank on 9/21/17 (Inv. #5-942-21119). | 20.28 5 |
| 9/30/17 | LexisNexis on-line research for September 2017. | 61.36 |
| 10/26/17 | Fee for court reporter for deposition of Dean Tucci on 10/26/17 (Veritext Inv. #CHI3151247). | 634.43 5 |
| 10/30/17 | Fee for court reporter for Witness - Statement on the Record on 10/30/17 (Veritext Legal Solutions, Inv. #CHI3151951). | 200.64 |
| 10/31/17 | LexisNexis on-line research for October 2017. | 325.97 |
| 11/30/17 | LexisNexis on-line research for November 2017. | 243.44 |
| **TOTAL COSTS** | | $ 35,050.62 |
| **TOTAL FEES AND COSTS** | | $ 256,153.12 |